UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELMORE GEORGE, III, | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:11-CV-1179 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the court on the motion of Elmore George, III, to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition. Also before the court is George's motion to amend his motion to vacate in light of the recent decision in <u>Descamps v. United States</u>, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013).

**I. Background**

After entering into a written plea agreement with the government, George pled guilty to conspiring to possess oxycodone with intent to distribute, in violation of 21 U.S.C. § 846.[1] Among other things, the plea agreement contained the parties' recommendations as to the sentencing guidelines and their estimate of a total offense level of 25. At the guilty plea hearing, George was informed by the court that he faced a maximum sentence of 20 years in prison and that the court was not required to accept the parties' sentencing guideline recommendations.

---

[1] A second count charging George with possession of oxycodone with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, was dismissed at sentencing pursuant to the parties' plea agreement.

In the presentence report, the Probation Office determined that George had two prior felony convictions for controlled substances offenses—a Western District of Kentucky conviction for possession with intent to distribute cocaine base and an Arizona conviction for "Attempted Transportation of Marijuana for Sale"— and that he was a career offender under U.S.S.G. § 4B1.1(a), resulting in a total offense level of 29.[2] With a criminal history category of VI, the sentencing guideline range was 151-188 months. George's attorney objected to the presentence report, arguing that George's prior Arizona conviction was not a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) and, therefore, it could not be counted as a predicate offense for the career offender designation. Alternatively, defense counsel argued for a downward departure based on U.S.S.G. § 4A1.3(b)(1), asserting that criminal history category VI substantially over-represented the seriousness of George's criminal history. The court overruled the career offender objection and denied the request for downward departure. George was sentenced to a 151-month term of imprisonment.

On appeal, defense counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967) and George filed a supplemental pro se brief. The court of appeals ruled that George was correctly designated a career offender and that there were no procedural or substantive sentencing errors. The appellate court also rejected George's pro se claims on appeal. The judgment was affirmed. <u>United States of America v. Elmore George, III</u>, No. 10-2283 (8th Cir. Nov. 23, 2010)(unpublished opinion).

II. Discussion

---

[2]Unless otherwise indicated, all references are to the 2009 Sentencing Guidelines Manual.

## A. Ineffective Assistance of Counsel

In the motion to vacate, George asserts claims of ineffective assistance of counsel at sentencing and on appeal. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. When considering a claim of ineffective assistance of appellate counsel, the court must bear in mind that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). In order to show prejudice in the context of a guilty plea, the movant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty, but instead would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009). The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

The basis for George's ineffective assistance claims is that defense counsel failed to argue that the modified categorical approach should be used in determining whether the prior Arizona conviction was a controlled substances offense under § 4B1.2(b). It is undisputed that defense counsel did not present this argument at

sentencing and did not assert it on appeal. However, the Court finds that these omissions do not establish deficient performance and George cannot demonstrate prejudice.

Section 4B1.1(a) of the Sentencing Guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions or either a crime of violence or a controlled substance offense.

The term "controlled substance offense" is defined in U.S.S.G. § 4B1.2(b) as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

In determining whether a prior conviction based on a state statute meets the definition of "controlled substance offense," the court first "looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." United States v. Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009). This is known as the "categorical approach." United States v. Robinson, 639 F.3d 489, 495 (8th Cir. 2011) (court must apply categorical approach by examining how law defines the predicate offense, not by how the defendant may have committed it). However, when a statute "criminalizes conduct that triggers an enhancement as well as conduct that does not, the statute is overinclusive." United States v. Sanchez-Garcia, 642 F.3d

658, 662 (8th Cir. 2011) [*citing*, United States v. Garcia-Medina, 497 F.3d 875, 877 (8th Cir. 2007)].  In that circumstance, a "modified categorical approach" applies, permitting the sentencing court to "refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict."  Id.; Robinson, 639 F.3d at 495.

The plea agreement George attached to his motion to vacate shows that he pled guilty to "Count One, Attempted Transportation of Marijuana for Sale, a Class 3 felony, Occurring on May 25, 2003, in violation of ARS § 13-3405(A)(4) . . ."[3]  Section 13-3405(A)(4) of the Arizona Revised Statutes provides:

> A.  A person shall not knowingly:
> * * *
> 4.  Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

The Arizona statute only criminalizes conduct that triggers the career offender enhancement.  Each act proscribed by the statute meets the definition of a controlled substance offense under § 4B1.2(b)(2) because each involves either the import or distribution of a controlled substance or the possession of a controlled substance with intent to import or distribute.  Because ARS § 13-3405(A)(4) is not a statute that criminalizes conduct that does not qualify as a controlled substance offense, it would have been futile for defense counsel to argue for use of the modified categorical

---

[3]The plea agreement cites to several additional Arizona statutes which pertain to definition of terms, penalties, accomplice liability, and attempt.  The substantive offense to which George pled guilty is set forth only in A.R.S. § 13-3405(A)(4).

- 5 -

approach. Defense counsel did not render ineffective assistance by failing to make an argument at sentencing that lacked merit.

Likewise, the failure to assert this claim on appeal did not constitute deficient performance by counsel. The court of appeals conducted an independent review of the record, pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and *de novo* review of the career offender designation. After doing so, the appellate court found no nonfrivolous issues and agreed that George was a career offender. George cannot demonstrate that the outcome of the appeal would have been different had his attorney invoked the modified categorical approach for evaluation of the Arizona conviction.

Finally, George does not contend that, but for counsel's alleged error, he would not have pled guilty but would have instead proceeded to trial and, as discussed above, there is no basis for a finding that a different sentence would have been imposed. George did not suffer any prejudice.

### B. Motion to Supplement

George requests leave to supplement or amend his motion to vacate in light of the decision in Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). In that case—which involved a prosecution under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)—the Supreme Court held that a sentencing court may not apply the modified categorical approach when the statute under which the defendant has been convicted has a single, indivisible set of elements—"*i.e.*, one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense." Descamps, 133 S.Ct. at 2281-2282. The decision in Descamps has no applicability to the issue involved in this case. Moreover, even if

Descamps were relevant, its ruling is not retroactive to cases on collateral review. Lee v. United States, 2014 WL 1571287 at *2 (N.D. Iowa 2014) (citing cases holding Descamps not retroactive). Therefore, leave to amend or supplement will be denied.

III. Conclusion

For the foregoing reasons, the court concludes that motion and the files and records of this case show that George is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that George has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2014.